1  JULIE A. KOLE, CASB No. 203681
   julie.kole@kyl.com
2  JENNIFER M. PORTER, CASB No. 261508
   jennifer.porter@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California  94133
5  Telephone:     (415) 398-6000
   Facsimile:     (415) 981-0136
6
   Attorneys for Defendant
7  JPMORGAN CHASE BANK, N.A.

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERT FERGUSON and            )  Case No.
12  NANCY FERGUSON,                )
                                   )  **DEFENDANT JPMORGAN CHASE BANK,**
13                     Plaintiffs, )  **N.A.'S MEMORANDUM OF POINTS AND**
                                   )  **AUTHORITIES IN SUPPORT OF ITS**
14            vs.                  )  **MOTION TO DISMISS PLAINTIFFS'**
                                   )  **FIRST AMENDED COMPLAINT**
15  JPMORGAN CHASE BANK, N.A.; and DOES )
    1 through 50, inclusive,       )  [FED. R. CIV. PROC. 12(b)(6)]
16                                 )
                       Defendants. )  Date:   MARCH 28, 2014
17                                 )  Time:  10:00 a.m.
                                   )  Dept.:  3
18                                 )

19

20

21

22

23

24

25

26

27

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   STATEMENT OF FACTS ..................................................................... 1

III.  LEGAL ARGUMENT ........................................................................... 2

    A.    THE LEGAL STANDARD. .......................................................... 2

    A.    SEVERAL OF PLAINTIFFS' CAUSES OF ACTION ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS. ................... 3

    B.    PLAINTIFFS' ALLEGATIONS REGARDING CHASE'S PURPORTED MISREPRESENTATIONS DURING THE LOAN MODIFICATION PROCESS ARE UNAVAILING. ............... 4

    C.    PLAINTIFFS' CLAIM FOR PROMISSORY ESTOPPEL FAILS. .......... 6

    D.    PLAINTIFFS' BREACH OF CONTRACT CAUSE OF ACTION IS FATALLY UNCERTAIN. ................ 8

    E.    PLAINTIFFS' CLAIM FOR "UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ." FAILS. ....... 10

        1.    Plaintiffs Lack Standing to Assert a Section 17200 Claim .............. 10

        2.    Plaintiffs' Section 17200 Claim Should Be Dismissed ................. 10

            a)    Plaintiff Fails To Show Violation Of A Predicate Statute ......... 11

            b)    Plaintiffs Have Not Pled an Unfair or Fraudulent Business Practice .......... 11

        3.    Plaintiffs Cannot Seek the Appropriate Form of Relief ................. 12

    F.    PLAINTIFFS' SIXTH CAUSE OF ACTION FOR "EQUITABLE ACCOUNTING" IS NOT SUPPORTED BY THE EVIDENCE. ............. 13

    G.    PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT FAILS ............. 14

IV.   CONCLUSION ............................................................................ 14

KYL_SF627660

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2
3

**Page**

**FEDERAL CASES**

4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ....................................................................................................2

5
6

*Banaga v. Taylor Bean Mortg. Co.,*
    2011 U.S. Dist. LEXIS 122804 (N.D. Cal. Oct. 24, 2011) ......................................8

7

*Bell Atl. v. Twombly,*
    550 U.S. 544 (2007) ...............................................................................................2, 3

8
9

*Cabo Brands, Inc. v. MAS Bevs., Inc.,*
    2012 U.S. Dist. LEXIS 78017 (C.D. Cal. 2012) ....................................................12

10
11

*Davis v. HSBC Bank,*
    691 F.3d 1152 (9th Cir. 2012) ...............................................................................11

12
13

*Diaz v. Fed. Express Corp.,*
    373 F. Supp. 2d 1034 (C.D. Cal. 2005)..................................................................11

14

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
    652 F. Supp. 2d 1039 (9th Cir. 2009) ....................................................................13

15
16

*In re Am. Principals Holdings, Inc.,*
    1987 U.S. Dist. LEXIS 16945 (S.D. Cal. 1987).....................................................12

17
18

*Marzette v. Provident Sav. Bank,*
    2011 U.S. Dist. LEXIS 130660 (E. D. Cal. 2011) ...................................................8

19

*McReynolds v. HSBC Bank USA,*
    2012 U.S. Dist. LEXIS 165219 (N.D. Cal. Nov. 19, 2012) .....................................4

20
21

*Neilson v. Union Bank of Cal., N.A.,*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...................................................................5

22
23

*Omega v. Wells Fargo & Co.,*
    2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011).....................................7

24

*Shapouri v. CitiMortgage, Inc.,*
    2012 U.S. Dist. LEXIS 152314 (S.D. Cal. 2012).....................................................13

25
26

*Singh v. Wells Fargo Bank,*
    2009 U.S. Dist. LEXIS 67123 (N.D. Cal. 2009) .....................................................13

27

*Travelers Prop. Cas. Co. of Am. V. Centex Homes,*
    2013 U.S. Dist. LEXIS 76308 (N.D. Cal. 2013) .....................................................12

28

KYL_SF627660

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

*Urbano v. Bank of Am., N.A.*,
    2013 U.S. Dist. LEXIS 12001 (E.D. Cal. Jan. 28, 2013) ........................................4

*Wong v. First Magnus Fin. Corp.*,
    2009 U.S. Dist. LEXIS 74113 (N.D. Cal. Aug. 20, 2009) .................................. 13, 7

STATE CASES

*Auerbach v. Great W. Bank*,
    74 Cal. App. 4th 1172 (1999) ....................................................................................9

*Bank of America Corp. v. Superior Court*,
    198 Cal. App. 4th 862 (2011) ....................................................................................6

*Blumer v. Madden*,
    128 Cal. App. 22 (1932) .............................................................................................9

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*,
    94 Cal. App. 4th 151 (2001) ....................................................................................14

*Cal. Standardbred Sires Stakes Comm. v. Cal. Horse Racing Bd.*,
    231 Cal. App. 3d 751 (1991) .............................................................................4, 13

*Californians for Disability Rights v. Mervyn's, LLC*,
    39 Cal. 4th 223 (2006) .......................................................................................10, 12

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) .............................................................................................11

*Chern v. Bank of America*,
    15 Cal. 3d 866 (1976) ..............................................................................................12

*Das v. Bank of America, N.A.*,
    186 Cal. App. 4th 727 (2010) ..................................................................................13

*Daugherty v. Am. Honda Motor Co.*,
    144 Cal. App. 4th 824 (2006) ..................................................................................12

*Fed. Deposit Ins. Corp. v. Dintino*,
    167 Cal. App. 4th 333 (2008) ....................................................................................4

*Fox v. Pollack*,
    181 Cal. App. 3d 954 (1986) .....................................................................................5

*Grant v. Long*,
    33 Cal. App. 2d 725 (1939) .......................................................................................9

*Gutierrez v. Mofid*,
    39 Cal. 3d 892 (1985) ................................................................................................4

KYL_SF627660

*Hill Trans. Co. v. Southwest Forest Industries Inc.,*
   266 Cal. App. 2d 702 (1968) ...................................................................................5

*Jogani v. Superior Court,*
   165 Cal. App. 4th 901 (2008) .................................................................................14

*Korea Supply Co. v. Lockheed Martin Corp.,*
   29 Cal. 4th 1134 (2003) .........................................................................................12

*Kwikset Corp. v. Super. Ct.,*
   51 Cal. 4th 310 (2011) ...........................................................................................10

*Ladas v. California State Auto. Ass'n,*
   19 Cal. App. 4th 761 (1993) .....................................................................................9

*Lange v. TIG Ins. Co.,*
   68 Cal. App. 4th 1179 (1998) ...................................................................................7

*Lazar v. Superior Court,*
   12 Cal. 4th 631 (1996) .............................................................................................4

*Lectrodryer v. Seoul Bank,*
   77 Cal. App. 4th 723 (2000) ...................................................................................14

*Levy v. State Farm Mutual Automobile Ins. Co.,*
   150 Cal. App. 4th 1 (2007) .......................................................................................8

*Melchior v. New Line Productions, Inc.,*
   106 Cal. App. 4th 779 (2003) .................................................................................14

*Morgan v. AT&T Wireless Servs., Inc.,*
   177 Cal. App. 4th 1235 (2009) .........................................................................11, 10

*Nat'l Dollar Stores v. Wagnon,*
   97 Cal. App. 2d 915 (1950) ......................................................................................8

*Orella v. Johnson,*
   38 Cal. 2d 693 (1952) .............................................................................................14

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.,*
   104 Cal. App. 4th 508 (2002) .................................................................................11

*People v. Toomey,*
   157 Cal. App. 3d 1 (1984) .................................................................................12, 13

*Secrest v. Security National Mortg. Loan Trust 2002-2,*
   167 Cal. App. 4th 544 (2008) ...................................................................................5

*Smith v. City & Cnty. of S.F.,*
   225 Cal. App. 3d 38 (1990) ...................................................................................7, 8

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

*Smith v. State Farm Mutual Automobile Ins. Co.,*
  93 Cal. App. 4th 700 (2001) ............................................................. 11

*Stansfield v. Starkey,*
  220 Cal. App. 3d 59 (1990) ................................................................ 5

*Tarmann v. State Farm Mutual Auto Insurance Co.,*
  2 Cal. App. 4th 153 (1991) ............................................................ 4, 5

*Teselle v. McLoughlin,*
  173 Cal. App. 4th 156 (2009) ........................................................... 13

*US Ecology, Inc. v. California,*
  129 Cal. App. 4th 887 (2005) ............................................................. 6

*Wall St. Network, Ltd. v. N.Y. Times Co.,*
  164 Cal. App. 4th 1171 (2008) ........................................................... 8

FEDERAL STATUTES AND RULES

FED. R. CIV. PROC. 12(b)(6) ................................................................... 2

STATE STATUTES AND RULES

CAL. BUS. & PROF. CODE § 17200 ....................................................... 10

CAL. BUS. & PROF. CODE § 17204 ....................................................... 10

CAL. CIV. CODE § 1605 ......................................................................... 9

CAL. CIV. CODE § 1624 ......................................................................... 6

CAL. CIV. CODE § 1709 ....................................................................... 11

CAL. CIV. PROC. CODE § 338(d) ............................................................ 3

CAL. CIV. PROC. CODE § 339 ............................................................ 3, 9

KYL_SF627660

1    Defendant JPMORGAN CHASE BANK, N.A. ("Defendant" or "Chase") hereby

2    submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss

3    ("Motion") the First Amended Complaint ("FAC") of Plaintiffs ROBERT FERGUSON and NANCY

4    FERGUSON ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).

5    ## I.    INTRODUCTION

6    Plaintiffs' FAC is entirely premised on the allegations that purported agent(s) of Chase

7    (1) promised to consider them for a loan modification if they stopped making monthly loan payments

8    and (2) orally represented that Plaintiffs had qualified for a permanent loan modification, when in fact

9    they had not.  Though Plaintiffs amended their original complaint presumably to further bolster their

10   claims against Chase, Plaintiffs *still* fail to allege sufficient facts to support *any* cause of action against

11   Chase.  Furthermore, several of Plaintiffs causes of action are barred by the applicable statutes of

12   limitation as Plaintiffs' claims are premised on purported activity which occurred in 2008 and 2009.

13   Even assuming that this claim was timely *and* Chase could be held responsible for these alleged

14   promises to Plaintiffs—*which is denied*—Plaintiffs have failed to show any damages as a result of

15   their purported reliance on Chase's alleged representations.  Under these circumstances, it is clear that

16   Plaintiffs cannot allege, and simply do not have, any legally sufficient claims against Chase.  Chase

17   therefore respectfully requests that the Court dismiss Plaintiffs' FAC in its entirety without leave to

18   amend.

19   ## II.    STATEMENT OF FACTS

20   The following are the relevant allegations in the FAC[1] and judicially noticeable facts

21   set forth in the documents included in the Request for Judicial Notice ("RJN"), filed herewith which,

22   for the purposes of this Motion only, Chase accepts as true:

23   •    The real property that is the subject of this action is located at 547 Freya Way, Pleasant

24   Hill, California 94523 ("Subject Property");

25

26

27   [1] For the Court's convenience, Defendant has attached a copy of the FAC to its Request for Judicial Notice as Exhibit "1."

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    •    Plaintiff Robert Ferguson obtained title to the Subject Property by grant deed, which

2    was recorded on August 8, 2003 with the Contra Costa County Recorder's Office as Document

3    No. 2003-0388372-00.  (RJN Exh. 2.)

4    •    Plaintiff Robert Ferguson obtained a residential loan in the amount of $400,000.00

5    secured by a deed of trust ("DOT") encumbering the Subject Property ("Subject Loan").  The DOT

6    was recorded on August 8, 2003 with the Contra Costa County Recorder's Office as Document

7    No. 2003-0388374-00.  The DOT identifies Washington Mutual Bank, F.A. ("WAMU") as the lender,

8    California Reconveyance Company as trustee, and Plaintiff Robert M. Ferguson as the borrower.

9    (RJN Exh. 3.)

10    •    On September 25, 2008, Chase acquired certain assets and liabilities of WAMU from

11    the Federal Deposit Insurance Corporation ("FDIC") acting as receiver pursuant to the Purchase and

12    Assumption Agreement ("P&A Agreement") between the FDIC and Chase.  (RJN Exh. 4.)

13    •    On May 13, 2010, a Notice of Default and Election to Sell Under Deed of Trust

14    ("NOD") was recorded in connection with the DOT with the Contra Costa County Records Office as

15    Document No. 2010-0096284-00.  The NOD confirms that the amount due as of May 5, 2010 was

16    $33,193.85.  (RJN Exh. 5.)

17    •    After the Plaintiffs sold the Subject Property in a private sale, the title of the Subject

18    Property was transferred by grant deed to Chulho Kang and Misook Kang as husband and wife.  This

19    grant deed was recorded with the Contra Costa County Recorder's Office on July 8, 2010 as

20    Document No. 2010-0136174-00.  (RJN Exh. 6.)

21    **III.    LEGAL ARGUMENT**

22    **A.    THE LEGAL STANDARD.**

23    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to

24    dismiss a claim for failure to state a claim upon which relief can be granted.  A plaintiff must state

25    "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. v. Twombly*, 550 U.S.

26    544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to

27    draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

28    *Iqbal*, 556 U.S. 662, 677 (2009).  However, "[t]hread-bare recitals of the element of a cause of action,

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   supported by mere conclusory statements, do not suffice." *Id.*, quoting *Twombly*, 550 U.S. at 555.

2   Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine

3   whether they plausibly give rise to an entitlement to relief." *Id.*  This determination is context

4   specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level

5   on the assumption that all of the complaint's allegations are true." *Id.*

6          Despite their amendments to the original complaint, Plaintiffs have still not alleged

7   sufficient facts to support the claims in the FAC and simply cannot do so.  Accordingly, this Court

8   should grant Chase's Motion to Dismiss in its entirety.

9   **A.    SEVERAL OF PLAINTIFFS' CAUSES OF ACTION ARE BARRED BY THE**
    **APPLICABLE STATUTE OF LIMITATIONS.**

10

11          Even if Chase could have been found liable for the allegations set forth in the FAC—

12  *which it cannot*—several of Plaintiffs' causes of action are barred by the applicable statute of

13  limitations and therefore, cannot be considered here.  Plaintiffs claim that they engaged in loan

14  modification discussions with Chase from September 2008 to November 2009 at which point they

15  learned that they had been denied a loan modification.  (FAC, ¶ 43.)  Further, Plaintiffs maintain that

16  in February 2010, they learned that Chase had begun the foreclosure process.  (FAC, ¶ 46.)  Thus, *at*

17  *the very latest*, Plaintiffs were aware of Chase's purported wrongdoing *in February 2010*.

18          Plaintiffs filed their original complaint against Defendant on July 5, 2013 — almost *3*

19  *and a half years* after the date that they admittedly learned that the servicer had initiated foreclosure

20  proceedings and was not intending to provide Plaintiffs with a loan modification.  In California, the

21  statute of limitations for a fraud-based cause of action is three years.  CAL. CIV. PROC. CODE § 338(d).

22  Accordingly, Plaintiffs' first cause of action for intentional misrepresentation must have been brought

23  by February 2013.  Likewise, the statute of limitations for claims of negligence, negligent

24  misrepresentation and promissory estoppel is two years; and thus, Plaintiffs' second, third and fifth

25  causes of action had to have been filed no later than February 2012.  CAL. CIV. PROC. CODE § 339.

26  Finally, "[a]n unjust enrichment or quasi-contract action in the form of a common count to recover

27  money or other benefit obtained by mistake is governed by the three-year statute of limitations;" and

28

KYL_SF627660

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   thus, Plaintiffs' seventh cause of action for unjust enrichment is also time-barred.  *Fed. Deposit Ins.*

2   *Corp. v. Dintino*, 167 Cal. App. 4th 333 (2008) (emphasis added).

3                    "Statutes of limitations 'are, of necessity, adamant rather than flexible in nature' and

4   are 'upheld and enforced regardless of personal hardship.'"  *Cal. Standardbred Sires Stakes Comm. v.*

5   *Cal. Horse Racing Bd.*, 231 Cal. App. 3d 751, 756 (1991) (citations omitted).  "[T]he theory is that

6   even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of

7   limitation and that the right to be free of stale claims in time comes to prevail over the right to

8   prosecute them."  *Gutierrez v. Mofid*, 39 Cal. 3d 892, 899 (1985).  Because Plaintiffs affirmatively

9   knew that Chase had decided to initiate foreclosure proceedings as opposed to continue loan

10  modification discussions by at least February 2010, they had ample time to bring suit against Chase

11  but unilaterally chose not to do so.  Plaintiffs have not pled any facts to support application of the

12  doctrine of equitable tolling.[2]  Accordingly, Plaintiffs' first, second, third, fifth and seventh causes of

13  action are barred by the applicable statute of limitations and should be dismissed without leave to

14  amend.

15     **B.    PLAINTIFFS' ALLEGATIONS REGARDING CHASE'S PURPORTED**
           **MISREPRESENTATIONS DURING THE LOAN MODIFICATION PROCESS**
16         **ARE UNAVAILING.**

17              Plaintiffs' first and second causes of action, which are both time-barred, allege

18  intentional and negligent misrepresentation by Chase.  In order to state a cause of action for

19  intentional misrepresentation, a plaintiff must allege:  (1) a false representation of a material fact; (2)

20  knowledge of the falsity (scienter); (3) intent to induce another into relying on the representation; (4)

21  reliance on the representation; and (5) resulting damage.  *See McReynolds v. HSBC Bank USA,* 2012

22  U.S. Dist. LEXIS 165219, *6 (N.D. Cal. Nov. 19, 2012).  A fraud-based claim, such as intentional

23  misrepresentation, "must be pled specifically; general and conclusory allegations do not suffice."

24  *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996); *see also, Tarmann v. State Farm Mutual Auto*

25  *Insurance Co.*, 2 Cal. App. 4th 153, 157 (1991).  The particularity requirement for fraud mandates

26
27  [2] To determine appropriate application of the doctrine, courts should focus on whether there was "excusable delay" by the plaintiff.  *Urbano v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 12001, *13 (E.D. Cal. Jan. 28, 2013).

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990); *see Hill Trans. Co. v. Southwest Forest Industries Inc.*, 266 Cal. App. 2d 702, 707 (1968).  Further, to assert a fraud-based action against a corporation, a plaintiff must allege the ***names*** of the person or persons who allegedly made the fraudulent representation, ***their authority to speak*** on behalf of the corporation, to whom they spoke, what they said or wrote, and when it was said or written.  *Tarmann*, 2 Cal. App. 4th at 157.

The elements of negligent misrepresentation are as follows: (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages.  *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986).  In essence, the elements of negligent misrepresentation are the same as intentional misrepresentation, but for the requirement of scienter.  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

In support of their misrepresentation claims, Plaintiffs assert several conclusory and contradictory representations purportedly made by unidentified Chase "agent(s)" regarding payments required and the status of their loan modification review.  (*See generally* FAC ¶¶ 57-69.)  Plaintiffs, however, do not specify ***who*** made these conflicting representations or their purported authority to speak on behalf of Chase.  Plaintiffs' vague and unsupported allegation that these individuals were the "SERVICER'S agents" is entirely insufficient to support the assertion that these individuals had the authority to bind Defendant to the alleged oral promises made to Plaintiffs.[3]

Nevertheless, Plaintiffs' reliance on these purported oral representations was entirely unreasonable as any modification to the DOT and Note is both legally and contractually required to be in writing.  (RJN, Ex. 3, Section 12.)  *Secrest v. Security National Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552 (2008)(confirming that mortgages and deeds of trust are subject to the statute of frauds).  Contracts (like the DOT), which are governed by the statute of frauds, are invalid unless

---

[3] Moreover, Plaintiffs have also failed to set forth a single fact to suggest that Defendant's "agents" had any knowledge that their purported misrepresentations were false, or that they intended to induce their reliance.  Therefore, Plaintiffs' claim for intentional misrepresentation fails on this basis as well.

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   memorialized by a written document signed by the party against whom the contract is being enforced.

2   CAL. CIV. CODE § 1624.  Thus, "[a]n agreement to modify a contract that is subject to the statute of

3   frauds is also subject to the statute of frauds and must be in writing." *Id.* at 553.   Accordingly, any

4   oral representation attempting to change Plaintiffs' obligations under the DOT is unenforceable and

5   could not have been reasonably relied on by Plaintiffs.

6           Moreover, Plaintiffs have not established that the alleged misrepresentations somehow

7   caused their damages.  Courts have held that borrowers, such as Plaintiffs, must establish that there is

8   a "nexus" between the alleged fraud by the lender and the borrower's claimed injury in order to

9   recover. *Bank of America Corp. v. Superior Court*, 198 Cal. App. 4th 862, 872 (2011).  Plaintiffs

10   concede that they were unable to afford their original loan payments of $2,890.39 a month and were

11   required to borrow money from family members to meet their loan obligations.  (FAC ¶ 22.)

12   Plaintiffs' argument that they continued to make smaller monthly payments to Chase as a result of the

13   alleged misrepresentations fails to plead "resulting damages."  Chase was entitled to collect loan

14   payments of $2,890.39 a month but Plaintiffs ***admittedly*** were unable to make those payments on a

15   monthly basis.  As such, the fact that Plaintiffs were permitted to pay less than what they were

16   required to pay each month does not support their damages claim.  Furthermore, Plaintiffs intended to

17   sell the Subject Property in September 2008 but waited until March 2010 to put it up for sale.  (FAC

18   ¶¶ 15 and 47.)  During this time, however, Plaintiffs were able to live at the Subject Property while

19   only making partial or no payments on their mortgage.  Accordingly, Plaintiffs have utterly failed to

20   allege that they sustained any damages purportedly ***caused*** by Chase.

21           For these reasons, as well as on the basis that both claims are time-barred, Plaintiffs'

22   causes of action for intentional and negligent misrepresentation should be dismissed.

23       **C.**    **PLAINTIFFS' CLAIM FOR PROMISSORY ESTOPPEL FAILS.**

24           Even if Plaintiffs' third cause of action for promissory estoppel was not barred by the

25   statute of limitations (which it is), Plaintiffs failed to sufficiently plead all the elements necessary for a

26   asserting such a claim.   To state a claim for promissory estoppel, a plaintiff must allege (1) a promise

27   that is clear and unambiguous in its terms; (2) the plaintiff's reliance on that promise; (3) that the

28   plaintiff's reliance was reasonable and foreseeable; and, (4) damages resulting from that reliance.  *US*

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    *Ecology, Inc. v. California*, 129 Cal. App. 4th 887, 901-02 (2005).  *See also Smith v. City & Cnty. of*

2    *S.F.*, 225 Cal. App. 3d 38, 48 (1990).  "A party claiming estoppel must specifically plead all facts

3    relied on to establish its elements."  *Smith*, 225 Cal. App. 3d at 48.  Here, Plaintiffs base their

4    promissory estoppel claim on two allegations: (1) that a Chase "agent/employee/representative" orally

5    informed them that they had been approved for a loan modification and would receive a permanent

6    modification if they continued to make their monthly payments, and (2) that a subsequent letter from

7    Chase indicated that they should continue to make monthly payments pursuant to the Trial Payment

8    Program.  (FAC ¶ 83.)

9              First, these causes of action are barred by the statute of frauds as any agreement to

10   modify the terms of a loan must be in writing.  *See Omega v. Wells Fargo & Co.*, 2011 U.S. Dist.

11   LEXIS 103928 at *22–23 (N.D. Cal. Sept. 14, 2011) (applying California law, holding that where a

12   plaintiff intends to assert a promissory estoppel claim on the basis of alleged promises to modify a

13   loan, the plaintiff "must be able to allege facts showing that [the] promissory estoppel claim is not

14   barred by the statute of frauds.").  Here, Plaintiffs claim that they were told that if they continued to

15   make their monthly payments pursuant to a trial modification plan they would qualify for a permanent

16   loan modification.[4]  (FAC ¶ 83.)  However, this purported representation was never confirmed in

17   writing and therefore is barred by the statute of frauds.

18             Second, a promise must be definite enough so that a court can determine the scope of

19   the duty and the terms of the performance.  *See Lange v. TIG Ins. Co.*, 68 Cal. App. 4th 1179, 1186

20   (1998) ("If extrinsic evidence is needed to interpret a promise, then obviously the promise is not clear

21   and unambiguous.").  Plaintiffs fail to plead a single term of any alleged promise or agreement that

22   they received from Chase.  Indeed, the facts pled are simply too vague and general to demonstrate that

23   a clear, unconditional, and unambiguous promise was made by Chase to permanently and

24   unconditionally modify the terms of Plaintiffs' loan or what those eventual terms would be.  *See*

25   *Smith*, 225 Cal. App. 3d at 48.

26

27   [4] Plaintiffs do not allege (nor is there any evidence) that the terms of the any eventual permanent plan
     would be consistent with the terms of the trial modification plan.

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

<u>Third</u>, a representation that one is ***eligible*** for a loan modification does not translate into a guarantee.  *See Banaga v. Taylor Bean Mortg. Co.*, 2011 U.S. Dist. LEXIS 122804, *13 (N.D. Cal. Oct. 24, 2011) ("Given that no review process guarantees a positive outcome, relying on the promise of such review arguably requires equal preparation for success and failure.").  Plaintiffs' allegations do not indicate that Chase (either orally or by writing) clearly and unambiguously promised to permanently modify Plaintiffs' loan.  Rather, the letter from Chase merely confirmed that they should continue to make payments pursuant to the Trial Payment Plan.  (FAC ¶ 83.) Understandably, "[e]stoppel cannot be established from such preliminary discussions and negotiations." *Nat'l Dollar Stores v. Wagnon*, 97 Cal. App. 2d 915, 919 (1950).    Accordingly, no such agreement can be enforced by this Court.

<u>Finally</u>, Plaintiffs have not shown any damages as a result of their reliance on Chase's purported promises. *Smith*, 225 Cal. App. 3d at 48 (holding that plaintiff's reliance on the alleged promise must be detrimental).  As discussed above, Plaintiffs were permitted to remain in their house for over a year and half while only making partial or no payments on their loan obligations.  Indeed, Plaintiffs were never precluded from seeking other financing alternatives or selling the Subject Property at an earlier date.  Accordingly, Plaintiffs' promissory estoppel claim should be dismissed without leave to amend.

**D.      <u>PLAINTIFFS' BREACH OF CONTRACT CAUSE OF ACTION IS FATALLY UNCERTAIN.</u>**

In order to establish a cause of action for breach of contract, Plaintiffs must plead: (1) the existence of a contract; (2) Plaintiffs' performance of the contract or excuse for non-performance; (3) Defendant's breach of the contract; and, (4) the resulting damage to Plaintiffs.   *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).  Under well-settled California law, facts establishing all of these essential elements must be pled with specificity.  *Levy v. State Farm Mutual Automobile Ins. Co.,* 150 Cal. App. 4th 1, 5 (2007).  "A breach of contract claim rests upon the actual terms of a contract and a plaintiff must allege a breach of the express provisions of a contract." *Marzette v. Provident Sav. Bank*, 2011 U.S. Dist. LEXIS 130660, at *11 (E. D. Cal. 2011).  Here, Plaintiffs' claim for breach of contract is premised on the Trial Payment Plan allegedly entered into by

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   Chase and Plaintiffs.  (FAC ¶ 91.)  Plaintiffs, however, fail to provide the alleged contract or set forth

2   *any* of the specific terms allegedly breached by Chase.  For a contract to be enforceable, it "must be

3   definite enough that a court can determine the scope of the duty and the limits of performance must be

4   sufficiently defined to provide a rational basis for the assessment of damages." *Ladas v. California*

5   *State Auto. Ass'n,* 19 Cal. App. 4th 761, 770 (1993).  Plaintiffs allege that they were told that "if they

6   complied with the terms of the [Trial Payment Plan], they would be considered for a permanent

7   workout solution for Plaintiffs' loan once the Trial Plan was completed."  (FAC ¶ 31.)  Plaintiffs do

8   not explain what those obligations were or what the eventual terms of the "permanent workout

9   solution" would be.  From Plaintiffs' vague allegations, the Court simply cannot determine what

10  obligations (if any) Chase breached and what remedy (if any) should be given to Plaintiffs.  Therefore,

11  Plaintiffs' breach of contract claim is fatally uncertain and should be dismissed.

12          Plaintiffs' fourth cause of action fails for the additional reason that the purported

13  contract was not supported by adequate consideration.  Contracts are legally enforceable *only if* they

14  are supported by adequate consideration.  *Grant v. Long*, 33 Cal. App. 2d 725, 737 (1939) (holding

15  that both express and implied contracts must be supported by adequate consideration); CAL. CIV.

16  CODE § 1605.  The "doing or promising to do something one is already legally bound to do cannot

17  constitute the consideration needed to support a binding contract."  *Auerbach v. Great W. Bank*, 74

18  Cal. App. 4th 1172, 1185 (1999).  Indeed, where "one is legally bound and can be compelled to pay a

19  definite ascertained sum of money…a mere promise to pay less than the entire sum in satisfaction

20  thereof, is without consideration and void." *Blumer v. Madden*, 128 Cal. App. 22, 25 (1932).  Here,

21  Plaintiffs were already contractually required to pay $ 2,890.39 a month pursuant to the terms of the

22  DOT.  (FAC ¶ 28.)  The fact that Plaintiffs paid $ 1,500.00 less than what they were already

23  contractually obligated to pay cannot form a binding contract against Chase.  Accordingly, Plaintiffs

24  have not pled the existence of an enforceable contract, and Plaintiffs' breach of contract claim fails.[5]

25

26  ───────────────

27  [5] To the extent that Plaintiffs' breach of contract claim relies on the alleged oral representations made by Chase during the loan modification discussions, that claim is time-barred.  *See* CAL. CODE CIV. PROC. § 339 (a claim for breach of an oral contract must be brought within two years of the date of the alleged breach).

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1

**E.      PLAINTIFFS' CLAIM FOR "UNLAWFUL BUSINESS PRACTICES IN
2            VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ." FAILS.**

3          Plaintiffs argue that Chase's alleged misconduct constituted unlawful, unfair, and

4   fraudulent business practices in violation of California Business and Professions Code section 17200

5   *et seq*., ("Section 17200").  (FAC ¶¶ 96-99).  *See* CAL. BUS. & PROF. CODE § 17200 *et seq.  See also*

6   *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006).  For the following

7   reasons, Plaintiffs' claim fails and should be dismissed without leave to amend.

8                    **1.      Plaintiffs Lack Standing to Assert a Section 17200 Claim**

9          Standing to bring a claim for violation of Section 17200 is limited to specified public

10  officials and to private persons who have suffered injury in fact as a result of the unfair business

11  practices.  *See* CAL. BUS. & PROF. CODE § 17204; *Californians for Disability Rights*, 39 Cal. 4th at

12  228.  Thus, to satisfy the standing requirements, a party must now establish (1) an economic injury

13  and (2) that that economic injury was caused by the unfair business practice.  *Kwikset Corp. v. Super.*

14  *Ct.*, 51 Cal. 4th 310, 322 (2011).

15         In this case, Plaintiffs fail to allege facts establishing an economic injury as a result of

16  any purported violation of Section 17200.  Plaintiffs concede that they intended to sell the Subject

17  Property in September 2008 but ultimately waited until March 2010 to put it up for sale.  (FAC ¶¶ 15

18  and 46.)  During that time, Plaintiffs were able to live at the Subject Property while only making

19  partial or no payments on their mortgage.  (*See* FAC ¶¶ 28.)  Accordingly, Plaintiffs fail to establish

20  that they were injured in any way as a result of Chase's alleged misconduct.

21                   **2.      Plaintiffs' Section 17200 Claim Should Be Dismissed**

22         Section 17200 outlaws as unfair competition "any unlawful, unfair or fraudulent

23  business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF.

24  CODE § 17200.  A plaintiff must therefore sufficiently plead that a defendant engaged in either (a)

25  unlawful, (b) unfair, or (c) fraudulent business practices in order to state a claim.  *See Morgan v. AT &*

26  *T Wireless Servs.*, Inc., 177 Cal. App. 4th 1235, 1253 (2009).

27

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

a)      **Plaintiff Fails To Show Violation Of A Predicate Statute**

"[A]n action based on [Section 17200] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under the statute and subject to the distinct remedies provided thereunder." *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.,* 104 Cal. App. 4th 508, 515 (2002). *See also Davis v. HSBC Bank,* 691 F.3d 1152, 1168 (9th Cir. 2012). Where the predicate claim fails, an unlawful business practices claim under Section 17200 fails along with it. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.,* 93 Cal. App. 4th 700, 718 (2001).

Here, Plaintiffs base their claims on Chase's purported violation of California Civil Code Section 1709 ("Section 1709"). (FAC, ¶ 97.) Like Plaintiffs' cause of action for intentional misrepresentation, however, Plaintiffs cannot show that Chase violated Section 1709 as that statute concerns deceit and is in essence, a fraud claim. *See Diaz v. Fed. Express Corp.*, 373 F. Supp. 2d 1034, 1066-67 (C.D. Cal. 2005) (treating a claim under section 1709 as a fraud claim). For the reasons stated above, Plaintiffs have failed to plead fraud with the requisite particularity and thus, their Section 17200 claim on this basis fails.

b)      **Plaintiffs Have Not Pled an Unfair or Fraudulent Business Practice**

To state a claim for "unfair" business practices, a plaintiff must plead that "(1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254-55 (2009). Courts typically require that a plaintiff plead that the unfair business practice "offends an established public policy or [that] the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* at 1254. Still other courts require that a plaintiff plead that "any finding of unfairness to competitors under [the UCL is] tethered to some legislatively declared public policy or proof of some actual or threatened impact on competition." *Id.* (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 186–87 (1999)). Here, Plaintiffs have made no attempt to so. Furthermore, Plaintiffs did not sustain damages, let alone ***substantial*** injury, as a result of Chase's

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  purported unfair behavior.  Therefore, any claim under the unfair prong of Section 17200 fails.  *Id.* at

2  1254-55.

3       Finally, to state a claim for "fraudulent" business practices in violation of Section

4  17200, a plaintiff must make a showing that the alleged practice is likely to deceive members of the

5  public.  *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (2006).  Plaintiffs argue that

6  Chase engaged in "fraudulent" business practices because it "misrepresented the likelihood of

7  Plaintiffs' modification, misrepresented the terms of the TTP, and misrepresented their intent to grant

8  Plaintiffs the promised modification." (FAC, ¶ 99.)  Plaintiffs do not demonstrate, however, how these

9  private statement allegedly made by Chase to Plaintiffs could possibly deceive members of the public.

10  *Cf. Travelers Prop. Cas. Co. of Am. V. Centex Homes*, 2013 U.S. Dist. LEXIS 76308, *18 (N.D. Cal.

11  2013) ("Travelers fails to explain how the fraudulent practices alleged here, which relate to a single

12  private commercial insurance transaction, could possibly mislead the public."); *Cabo Brands, Inc. v.*

13  *MAS Bevs., Inc.,* 2012 U.S. Dist. LEXIS 78017, *12 (C.D. Cal. 2012) ("In this private contract

14  dispute, the Court cannot fathom how [Defendant] will deceive members of the public.").

15       Accordingly, Plaintiffs' Section 17200 claim fails to the extent that it is based upon

16  purportedly fraudulent or unfair business practices.

17       **3.    Plaintiffs Cannot Seek the Appropriate Form of Relief**

18       Finally, Plaintiffs' Section 17200 fails because Plaintiffs cannot seek the relief

19  requested.  "No one may recover damages under the UCL."  *Californians for Disability Rights*,

20  39 Cal. 4th at 232.  *See also Chern v. Bank of America,* 15 Cal. 3d 866, 875 (1976).  This bar also

21  applies to punitive damages.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148

22  (2003).  Instead, a private person's remedies under Section 17200 are limited to injunctive relief and

23  restitution ancillary to injunctive relief.  *In re Am. Principals Holdings, Inc.*, 1987 U.S. Dist. LEXIS

24  16945, *58 (S.D. Cal. 1987).  Furthermore, the remedies provided by Section 17200 are not available

25  to "enjoin an event which has already transpired […] a showing of threatened future harm or

26  continuing violation is required."  *People v. Toomey,* 157 Cal. App. 3d 1, 20 (1984).

27       Here, Plaintiffs' fifth cause of action is improperly brought because all of the purported

28  wrongs and injuries for which Plaintiffs seek redress have already occurred and the Subject Property

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    has been sold to a third party.  (RJN, Ex. 5.)  Plaintiffs therefore cannot allege any "continuing

2    violations" or "threats of future harm" at the hands of Chase.  *See Toomey*, 157 Cal. App. 3d at 20.

3    Because Plaintiffs cannot and do not seek "injunctive relief or restitution ancillary to injunctive relief"

4    as against Chase, Plaintiffs' fifth cause of action for Section 17200 violations should be dismissed.

5        **F.    PLAINTIFFS' SIXTH CAUSE OF ACTION FOR "EQUITABLE**
         **ACCOUNTING" IS NOT SUPPORTED BY THE EVIDENCE.**

6

7                To state a claim for an accounting, a plaintiff must state facts showing circumstances

8    that require an accounting in equity and that some balance is due the plaintiff.  *Teselle v. McLoughlin*,

9    173 Cal. App. 4th 156, 179-180 (2009).  *See also Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.

10   Supp. 2d 1039, 1043 (9th Cir. 2009).  Plaintiffs allege that they are entitled to an accounting because

11   "[t]he entire indebtedness including the exact entity to which Plaintiffs are in debt if Plaintiffs are in

12   debt at all" is in dispute.  (FAC ¶ 105.)  First of all, Plaintiffs do not assert any facts that put into

13   question Chase's right to Plaintiffs' monthly loan payments.  Plaintiffs ***admit*** that they were in default

14   of their loan payments, that they made either partial or no monthly payments for months and are, if

15   anything, in debt to Chase.  Because Plaintiffs concede that they are in debt but simply dispute the

16   amount owed, their demand for equitable accounting must be rejected.  *Wong v. First Magnus Fin.*

17   *Corp.*, 2009 U.S. Dist. LEXIS 74113, *5 (N.D. Cal. Aug. 20, 2009) ("[P]laintiff has not alleged that

18   she is due any monies from defendants.  Absent such a claim, she has no right to an accounting.");

19   *Singh v. Wells Fargo Bank*, 2009 U.S. Dist. LEXIS 67123, at *8-9 (N.D. Cal. 2009) (dismissing a

20   claim for accounting where plaintiff "seeks an accounting to determine how much money he owes

21   Defendants").

22               Further, "[n]o demand for accounting can be made without a fiduciary relationship.

23   *Shapouri v. CitiMortgage, Inc.*, 2012 U.S. Dist. LEXIS 152314, *11 (S.D. Cal. 2012).  As discussed

24   above, when a party acts within the scope of its role as a lender, and engages in arms-lengths

25   transactions with borrowers, it does not owe the borrowers a fiduciary duty.  *See Nymark*, 231 Cal.

26   App. 3d at 1096; *Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 740 (2010).  Accordingly,

27   Plaintiffs cannot successfully allege that a fiduciary relationship exists because they have offered no

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  evidence that Chase's actions went beyond the role of a traditional lender.  Accordingly, this Court

2  should dismiss this cause of action without leave to amend.

3         **G.      PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT FAILS**

4                 The elements of unjust enrichment are (1) receipt of a benefit and (2) unjust retention

5  of the benefit at the expense of another.  *Lectrodryer v. Seoul Bank*, 77 Cal. App. 4th 723, 726 (2000);

6  *see also Orella v. Johnson*, 38 Cal. 2d 693, 696-98 (1952).  Technically, "[u]njust enrichment is not a

7  cause of action."  *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008).  *See also Melchior v.*

8  *New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in

9  California for unjust enrichment.").  Unjust enrichment is merely a principle that underlies various

10 legal doctrines and remedies.  *See Melchior*, 106 Cal. App. 4th at 793.  Furthermore, the existence of

11 an enforceable contract, such as the DOT, precludes recovery for unjust enrichment as a matter of law.

12 *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*, 94 Cal. App. 4th 151, 172 (2001) ("[a]s a

13 matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express

14 binding agreements exist and define the parties' rights.")  Thus, even if such a "claim" was not barred

15 by the statute of limitations here, Plaintiffs' claim for "unjust enrichment" fails as a result of the

16 binding terms of the DOT under which Plaintiffs borrowed $400,000 and are now in default of their

17 loan obligations.  Accordingly, Plaintiffs' seventh cause of action should be dismissed with prejudice.

18 **IV.    CONCLUSION**

19                For all of the foregoing reasons, Defendant JPMorgan Chase Bank, N.A. respectfully

20 requests that the Court grant its Motion to Dismiss in its entirety without leave to amend.

21

22

23 DATED:  February 7, 2014                    /s/ Jennifer M. Porter
                                              JULIE A. KOLE
24                                            JENNIFER M. PORTER
                                              KEESAL, YOUNG & LOGAN
25                                            Attorneys for Defendant
                                              JPMORGAN CHASE BANK, N.A.
26

27

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT